UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4165

CRISHONE CRYSTAL JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-96-22)

Submitted: August 31, 1999

Decided: September 20, 1999

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Anthony J. Vegh, Cleveland, Ohio, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United
States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Crishone C. Johnson appeals her convictions and sentence for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West Supp. 1999) and possession with intent to distribute and distribution of cocaine base in violation of 21 U.S.C.A. § 841 (West 1994 & Supp. 1999). Johnson argues on appeal that: (1) the district court erred in admitting testimony concerning Johnson's many drug transactions as evidence of her involvement in a drug conspiracy; (2) the court erred in admitting testimony concerning Johnson's drug transactions in the presence of her child; (3) the court plainly erred in finding that the nature of the drugs attributable to Johnson for sentencing was crack; (4) the court clearly erred in its findings as to the quantity of the drugs attributable to Johnson at sentencing. We have reviewed the parties submissions, the record, and the applicable law, and affirm.

We find that the district court did not abuse its discretion in admitting testimony concerning Johnson's drug transactions as evidence of her involvement in a drug conspiracy. See United States v. Francisco, 35 F.3d 116, 118 (4th Cir. 1994) (per curiam); United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) (stating that evidence of drug transactions is "at least relevant (i.e. probative) on the issue of whether a conspiratorial relationship exists").

We also conclude that the court did not abuse its discretion in admitting evidence over Johnson's objections concerning her participation in drug transactions in the presence of her child. See Francisco, 35 F.3d at 118. Moreover, to the extent that Johnson did not object to other testimony that she engaged in drug transactions in the presence of her son, the district court's admission of such evidence did not constitute plain error. See United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994) (quoting United States v. Olano, 507 U.S. 725, 736 (1993)); Fed. R. Crim. P. 52(h).

We further find that the court did not plainly err in finding that the nature of the drugs attributable to Johnson for sentencing was crack. See id.; United States Sentencing Guidelines Manual § 2D1.1(c),

2

(n.D) (1997) (defining "crack"). There were few ambiguities regarding the form of cocaine Johnson distributed. Witnesses, including law enforcement officers and Johnson's associates and customers, repeatedly referred to the drugs purchased from Johnson as crack and noted that the substance was in a rocklike or chunky form. See United States v. Abdul, 122 F.3d 477, 479 (7th Cir. 1997), cert. denied, 118 S. Ct. 643 (1997) (holding that "[t]he issue is whether the drug is crack as the term is generally understood"). Finally, the district court's findings as to the quantity of crack attributable to Johnson for the purpose of sentencing was not clearly erroneous. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (stating that a district court's factual findings are binding unless clearly erroneous).

Accordingly, we affirm Johnson's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3